## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOE LARRY HUNTER, | |
| Plaintiff, | |
| v. | Case No. 23-CV-2064-KHV-TJJ |
| STEPHEN LAYCOCK, JOHN BROWN, TERRY WADE, DARRIN E. JONES, MICHAEL GAVIN, JEFFERY S. SALLETT, DEREK SCHMDIT, LAURA KELLY, AND SUZANNE VALDEZ, | |
| Defendants. | |

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES OR COSTS

This matter comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 3) filed pursuant to the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915(a)(1). On February 16, 2023, the Clerk's Office entered a Notice of Deficiency to Plaintiff advising him that his financial affidavit in support of his IFP Application was missing and directing him to correct the deficiency immediately. The Notice of Deficiency along with Designation of Place of Trial, Motion to Proceed without Prepayment of Fees, and Financial Affidavit forms were mailed to Plaintiff for completion and return. To date, Plaintiff has not submitted a completed Financial Affidavit form in support of his IFP Application.

The IFP statute provides that the Court may authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit

... [if] the person is unable to pay such fees or give security therefor."[1]  Although the affidavit referenced in the statute specifically mentions the disclosure of the assets of a prisoner, it "applies to all persons applying for IFP status, and not just to prisoners."[2]  To succeed on a motion to proceed IFP, "the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action."[3]

In his currently pending IFP Application, Plaintiff does provide some limited financial information, reporting "0", "None," or "N/A" for all but one of the eight questions listed on the form. The Clerk's Office, however, has requested Plaintiff complete and return the Court's form Affidavit of Financial Status, which requires Plaintiff to provide more information about his financial status than provided on his IFP Application. Due to Plaintiff's failure to complete and file a requested Affidavit of Financial Status and the lack of information on his IFP Application, the Court cannot determine whether Plaintiff has shown a financial inability to pay the required filing fee. The Court will therefore deny Plaintiff's IFP Application without prejudice to refiling a renewed motion to proceed without prepayment of fees and a completed affidavit of financial status.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) is <u>denied without prejudice</u> to refiling a renewed motion to proceed without prepayment of fees and completed affidavit of financial

---

[1] 28 U.S.C. § 1915(a)(1).

[2] *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[3] *Id.*

status. By **April 21, 2023**, Plaintiff must either (1) file his renewed motion to proceed without prepayment of fees and completed affidavit of financial status, or (2) pay the required filing fee to commence this action. If Plaintiff fails to do either, this case may be dismissed without prejudice without further notice.

**IT IS FURTHER ORDERED** that a copy of this Order and the form Affidavit of Financial Status shall be mailed to Plaintiff.

Dated in Kansas City, Kansas, this 21st day of March, 2023.

Teresa J. James
U. S. Magistrate Judge